UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALLIED WORLD SPECIALTY INSURANCE COMPANY,

        Plaintiff,

-against-

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

        Defendant.

---

Civil Action No.:

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ALLIED WORLD SPECIALTY INSURANCE COMPANY ("Allied World"), by and through its attorneys of record, Fleischner Potash LLP, alleges the following:

1. Allied World brings this action seeking a declaratory judgment that it has no obligation to defend or indemnify Car N Shine and Nazmir Edmonds concerning the lawsuit entitled *Timothy Wright v. Nazmir N. Edmonds; GS Autoplex, LLC, Garden State Honda; Geico Indemnity Company; Car N Shine of America John Doe 1-10; Jane Roe 1-10; ABC Company, Inc. 1-10; John Doe 11-20; Jane Roe 11-20; ABC Company, Inc. 11-20*, pending in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-3575-19 (the "Underlying Lawsuit") and that it has no obligation to reimburse Travelers Casualty Insurance Company of America ("Travelers") for defense costs incurred in defending Car N Shine and Nazmir Edmonds in the Underlying Lawsuit.

## PARTIES

2. Plaintiff, Allied World, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 199 Water Street, New York, New York, 10038.

3. Upon information and belief, Travelers is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at One Tower Square, Hartford, Connecticut 06183.

## JURISDICTION AND VENUE

4. Upon information and belief, the amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

5. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## UNDERLYING LAWSUIT

7. On or about May 14, 2019, Timothy Wright (the "Underlying Plaintiff") filed an action in the Superior Court of New Jersey, against Nazmir N. Edmonds, GS Autoplex, LLC, Garden State Honda, Geico Indemnity Company and several fictitious defendants.

8. The Underlying Plaintiff alleges that on or about August 25, 2017, he was injured when the vehicle he was operating was struck by a vehicle owned by GS Autoplex, LLC and/or Garden State Honda and operated by Nazmir Edmonds.

9. On or about November 21, 2019, GS Autoplex d/b/a Garden State Honda filed a Third-Party Complaint against Car N Shine of America, Inc., alleging that Edmonds was an employee of Car N Shine and, at the time of the accident, was operating the vehicle within the scope of his employment and seeking contribution and indemnification.

10. On or about January 2, 2020, the Underlying Plaintiff filed an Amended Complaint, naming Car N Shine of America as a direct defendant in the Underlying Lawsuit.

## INSURANCE POLICIES

11. Allied World issued policy number 6203-0003-01 to L&S Motors, Inc. dba: Huntington Honda DBA: N.R. Automotive, Inc. dba: New Rochelle Toyota for the policy period May 1, 2017 through May 1, 2018 (the "Allied World Policy").

12. The Allied World Policy identifies Garden State Honda as an Insured.

13. The insuring agreement of the Auto Dealers Coverage Form, CA 00 25 10 13, in the Allied World Policy states in relevant part as follows:

*AUTO DEALERS COVERAGE FORM*

\*\*\*

| Symbol | Description of Covered Auto Designation Symbols |
|---|---|
| 21 | Any "Auto" |

\*\*\*

D. **Covered Autos Liability Coverage**

1. **Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

3

14. The insuring agreement of Auto Dealers Coverage Form also contains the following provision regarding Who Is An Insured:

> 2. **Who Is An Insured**
> The following are "insureds" for covered "autos":
> a. You for any covered "auto".
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
> \*\*\*
>
> (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is yours.
>
> \*\*\*

15. Travelers issued policy number 680-9H869595-17-42 to Auto Detailing Association for the policy period February 21, 2017 through February 21, 2018 (the "Travelers Policy").

16. Car N Shine and Edmonds are insureds under the Travelers Policy.

17. The Travelers Policy contains a Hired Auto and Nonowned Auto Liability—New Jersey endorsement, MP T4 69 11 03, which affords coverage for hired autos or nonowned autos in pertinent part as follows:

> A. **COVERAGE**
>
> If a premium charge is shown in the SCHEDULE above, the insurance provided under **Section I – Coverage A – Bodily Injury And Property Damage Liability** applies to "bodily injury" and "property damage" arising out of the maintenance or use of a "hired auto" or "nonowned auto". Maintenance or use of a "nonowned auto" includes test driving in connection with an "auto business".

18. The Travelers Policy defines "Auto Business" as follows:

> 1. "Auto Business" means the business or occupation of selling, repairing, servicing, storing or parking "autos"

19. The Travelers Policy defines "nonowned auto" as follows:

> 3. "Nonowned auto" means any "autos" you do not own, lease, hire, rent or borrow that are being used in the course and scope of your business at the time of an "occurrence". This includes "autos" owned by your "employees" or partners or members of their householders but only while being used in the course and scope of your business at the time of an "occurrence".

4

> *If you are a sole proprietor, "nonowned auto" means any "autos" you do not own, lease, hire, rent or borrow that are being used in the course and scope of your business or personal affairs at the time of an "occurrence".*

## RELEVANT FACTS

20. Upon information and belief, at the time of the accident alleged in the Underlying Lawsuit, Car N Shine performed detailing work on vehicles owned by Garden State Honda pursuant to a contract entered into by the parties.

21. Upon information and belief, at the time of the accident alleged in the Underlying Lawsuit, Car N Shine's employee, Nazmir Edmonds, was driving a vehicle owned by Garden State Honda to Car N Shine's facility in order to perform detailing services.

22. Travelers is defending Car N Shine and Edmonds in the Underlying Lawsuit.

23. The Travelers Policy affords coverage for "bodily injury" arising out of the maintenance or use of a "nonowned auto."

24. The Travelers Policy defines "nonowned autos" in relevant part as "'autos' you do not own, lease, hire, rent or borrow that are being used in the course and scope of your business at the time of an 'occurrence.'"

25. The Travelers Policy defines "Auto Business" as "the business or occupation of selling, repairing, servicing, storing or parking 'autos.'"

26. As Edmonds was using a vehicle owned by Garden State Honda in the scope of Car N Shine's business at the time of the accident alleged in the Underlying Lawsuit, the Travelers Policy affords coverage.

27. On or about January 24, 2020, counsel for Travelers requested that Allied World defend and indemnify Car N Shine and Edmonds in the Underlying Lawsuit and reimburse Travelers' past defense costs.

28. On or about May 4, 2020 the undersigned's office sent a letter to counsel for Travelers, on behalf of Allied World, denying any obligation to defend or indemnify Car N Shine and Edmonds in the Underlying Lawsuit.

29. On or about May 18, 2020, counsel for Travelers sent another letter, disputing Allied World's denial, and again requesting that Allied World defend Car N Shine and Edmonds in the Underlying Lawsuit and reimburse Travelers' past defense costs.

30. By letter dated May 21, 2020, the undersigned's office sent another letter, on behalf of Allied World, to counsel for Travelers, reiterating Allied World's denial of Travelers' request that Allied World defend and indemnify Car N Shine and Edmonds.

## COUNT I – DECLARATORY JUDGMENT

**Allied World Has No Obligation To Defend Or Indemnify  
Car N Shine Or Nazmir Edmonds In The Underlying Lawsuit**

31. Allied World repeats and re-alleges each and every allegation contained in Paragraphs 1 through 30 as if fully set forth at length herein.

32. The Allied World Policy's Who Is An Insured provision includes an exception for "Someone using a covered 'auto' while he or she is working in a business of selling, servicing or repairing 'autos' unless that business is yours."

33. At the time of the accident alleged in the Underlying Lawsuit, Car N Shine performed detailing work on vehicles owned by Garden State Honda.

34. At the time of the accident alleged in the Underlying Lawsuit, Car N Shine's employee, Nazmir Edmonds, was driving a vehicle owned by Garden State Honda to Car N Shine's facility in order to perform such services.

35. Therefore, the exception in the Allied World Policy's Who Is An Insured provision for "Someone using a covered 'auto' while he or she is working in a business of

selling, servicing or repairing 'autos' unless that business is yours" applies, and Car N Shine and Edmonds do not qualify as insureds under the Allied World Policy.

36. Accordingly, Allied World is entitled to a declaration under 28 U.S.C. §2201 that it has no obligation to defend or indemnify Car N Shine or Nazmir Edmonds in the Underlying Lawsuit and that it has no obligation to reimburse Travelers for any past defense costs incurred.

37. Allied World is entitled to a declaration under 28 U.S.C. §2201 that it has no obligation to make payment on any judgment that the Underlying Plaintiff obtains against Car N Shine or Nazmir Edmonds.

WHEREFORE, ALLIED WORLD SPECIALTY INSURANCE COMPANY requests a Declaratory Judgment that:

(1) Allied World has no obligation to defend or indemnify Car N Shine or Nazmir Edmonds in the Underlying Lawsuit pursuant to exception **B.3.** in the Allied World Policy's Who Is An Insured provision; and

(2) Allied World has no obligation to reimburse Travelers for any past defense costs incurred in defending Car N Shine or Nazmir Edmonds in the Underlying Lawsuit; and

(3) Allied World has no obligation to make payment on any judgment that the Underlying Plaintiff may obtain against Car N Shine or Nazmir Edmonds in the Underlying Lawsuit; and

(4) Such other and further relief as the Court deems just and proper.

Dated: Hazlet, New Jersey
      May 29, 2020

                                                          Respectfully Submitted,

                                                          */s/ Adam P. Stark*
                                                          Adam P. Stark, Esq.
                                                          FLEISCHNER POTASH LLP
                                                          Concord Center
                                                          Building 1, Suite 108
                                                          1301 Highway 36
                                                          Hazlet, New Jersey 07730
                                                          (732) 530-7787
                                                          Attorneys for Plaintiff:
                                                          ALLIED WORLD SPECIALTY
                                                          INSURANCE COMPANY
                                                          Our File No.: 577-22329