UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
ALLIED WORLD SPECIALTY INSURANCE
COMPANY,                                                    No. 20-cv-06602-SRC-CLW


                                        Plaintiff,
                                                            **ANSWER WITH**
                    -against-                                **COUNTERCLAIMS**

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

                                        Defendant.
------------------------------------------------------------------X

       Defendant, Travelers Casualty Insurance Company of America ("Travelers"), by its

attorneys, Rivkin Radler LLP, answers the allegations of Plaintiff's Complaint in accordance

with the numbered paragraphs therein, as follows:

                            <u>**NATURE OF ACTION**</u>

       1.      Travelers denies that Plaintiff, Allied World Specialty Insurance Company

("Allied World"), has no obligation to defend or to indemnify Auto Detailing Association dba

Car N Shine ("Car N Shine") and Nazmir N. Edmonds ("Edmonds") in the Underlying Lawsuit

and denies that Allied World has no obligation to reimburse Travelers for defense costs incurred

in defending Car N Shine and Edmonds in the Underlying Lawsuit, but otherwise lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph "1" of the Complaint, and respectfully refers all questions of

law to the Court.

                                <u>**THE PARTIES**</u>

       2.      Travelers lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph "2" of the Complaint.

3.      Travelers admits the allegations contained in paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4.      Travelers admits the allegations contained in paragraph "4" of the Complaint.

5.      Travelers admits the allegations contained in paragraph "5" of the Complaint.

6.      Travelers admits the allegations contained in paragraph "6" of the Complaint.

## UNDERLYING LAWSUIT

7.      Travelers admits that Timothy Wright (the "Claimant") filed an action in the Superior Court of New Jersey against Edmonds, GS Autoplex LLC dba Garden State Honda ("Garden State Honda"), and others (the "Underlying Lawsuit"), but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the Complaint.

8.      Travelers admits the allegations contained in paragraph "8" of the Complaint.

9.      Travelers admits the allegations contained in paragraph "9" of the Complaint.

10.      Travelers admits the allegations contained in paragraph "10" of the Complaint.

## INSURANCE POLICIES

11.      Travelers admits the allegations contained in paragraph "11" of the Complaint.

12.      Travelers admits the allegations contained in paragraph "12" of the Complaint.

13.      Travelers admits the allegations contained in paragraph "13" of the Complaint.

14.      Travelers admits that the Allied World Policy provides that Who Is An Insured under the Auto Dealers Coverage Form includes the named insured (Garden State Honda), "[a]nyone else while using with your permission a covered 'auto' you own …", and "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability", and that the insurance provisions speak for themselves, but otherwise lacks knowledge or

2

information sufficient to form a belief as to the truth or falsity to the remaining allegations contained in paragraph "14" of the Complaint.

15.     Travelers admits the allegations contained in paragraph "15" of the Complaint.

16.     Travelers admits that Car N Shine is a named insured under the Travelers Policy and admits that Edmonds is an insured under the Travelers Policy for his permissive use of a nonowned auto being used by Car N Shine in the course and scope of its business, but otherwise denies the remaining allegations contained in paragraph "16" of the Complaint.

17.     Travelers admits that the Travelers Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "17" of the Complaint.

18.     Travelers admits that the Travelers Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "18" of the Complaint.

19.     Travelers admits that the Travelers Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "19" of the Complaint.

## **RELEVANT FACTS**

20.     Travelers admits that at the time of the accident alleged in in the Underlying Lawsuit, Car N Shine agreed to provide "valet services" to Garden State Honda pursuant to a Service Provider Agreement ("Agreement"), but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "20" of the Complaint.

21.     Travelers admits that at the time of the accident alleged in the Underlying Lawsuit, Edmonds was an employee of Car N Shine, driving a vehicle owned by Garden State Honda with Garden State Honda's permission in the course of his employment with Car N Shine,

but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "21" of the Complaint.

22.     Travelers admits the allegations contained in paragraph "22" of the Complaint.

23.     Travelers admits that the Travelers Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "23" of the Complaint.

24.     Travelers admits that the Travelers Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "24" of the Complaint.

25.     Travelers admits that the Travelers Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "25" of the Complaint.

26.     Travelers admits that the Travelers Policy affords coverage to Edmonds for his permissive use of Garden State Honda's vehicle in the scope of his employment with Car N Shine, but otherwise denies the remaining allegations contained in paragraph "26" of the Complaint.

27.     Travelers admits the allegations contained in paragraph "27" of the Complaint.

28.     Travelers admits the allegations contained in paragraph "28" of the Complaint.

29.     Travelers admits the allegations contained in paragraph "29" of the Complaint.

30.     Travelers admits the allegations contained in paragraph "30" of the Complaint.

**AS TO ALLIED WORLD'S COUNT I FOR DECLARATORY JUDGMENT**

31.     Travelers repeats, reiterates and realleges each and every answer contained in paragraphs "1" through "30" as if fully set forth herein.

32.     Travelers admits that the Allied World Policy speaks for itself, but otherwise denies the remaining allegations contained in paragraph "32" of the Complaint.

33.     Travelers admits that at the time of the accident alleged in the Underlying Lawsuit, Car N Shine was performing "valet services" for Garden State Honda pursuant to the Agreement, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "33" of the Complaint.

34.     Travelers admits that at the time of the accident alleged in the Underlying Lawsuit, Edmonds was driving a vehicle owned by Garden State Honda with Garden State Honda's permission pursuant to the Agreement, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "34" of the Complaint.

35.     Travelers denies the allegations contained in paragraph "35" of the Complaint.

36.     Travelers denies the allegations contained in paragraph "36" of the Complaint, and respectfully refers all questions of law to the Court.

37.     Travelers denies the allegations contained in paragraph "37" of the Complaint, and respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Allied World's Complaint and each allegation contained therein fails to state a cause of action or claim against Travelers upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of laches and may be barred by the doctrine of estoppel and/or by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

Edmonds is an insured under the Allied World Policy and Allied World has a duty to defend and to indemnify Edmonds in the Underlying Lawsuit because at the time of the accident alleged in the Underlying Lawsuit, Edmonds, an employee of Car N Shine, was using a covered auto under the Allied World Policy owned by Garden State Honda with Garden State Honda's permission pursuant to the Agreement.

**FOURTH AFFIRMATIVE DEFENSE**

The provision in the Allied World Policy precluding coverage for a permissive user of a covered auto "while he or she is working in a business of selling, servicing or repairing 'autos' unless that business in yours" is unenforceable and void under New Jersey Law because it limits the omnibus coverage mandated by N.J.S.A. 39:6-46(a) and N.J.S.A. 39:6B-1.

**FIFTH AFFIRMATIVE DEFENSE**

Car N Shine is an insured under the Allied World Policy and Allied World has a duty to defend and to indemnify Car N Shine in the Underlying Lawsuit because Car N Shine's alleged liability in the Underlying Lawsuit is for the alleged conduct of its employee, Edmonds (an insured under the Allied World Policy).

**SIXTH AFFIRMATIVE DEFENSE**

Allied World's duty to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit under the Allied World Policy is primary to Travelers duty to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit under the Travelers Policy because the "other insurance" condition in the Allied World Policy provides that coverage under the policy is primary as to any covered auto owned by Garden State Honda, as here, and the "other insurance" condition in the Travelers Policy provides that coverage under the policy is

excess over other insurance where the loss arises out of the maintenance or use of autos to the extent not subject to the auto exclusion, as here.

## SEVENTH AFFIRMATIVE DEFENSE

The allegations within Allied World's Complaint fail to set forth its claims with sufficient particularity to enable Travelers to determine all applicable affirmative defenses.  Travelers therefore reserves its right to assert any additional defenses that may be applicable to withdraw any defenses that are found to be inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained through discovery and further investigation.

## AS AND FOR A FIRST COUNTERCLAIM
## AGAINST ALLIED WORLD FOR DECLARATORY RELIEF

1.    Travelers re-alleges each and every admission and denial set forth above as if set forth fully herein.

2.    The Claimant was allegedly injured on August 25, 2017 when the vehicle he was occupying was struck by a vehicle owned by Garden State Honda and operated by Edmonds (the "Accident").

3.    At the time of the Accident, Edmonds was an employee of Car N Shine, working in the course of his employment with Car N Shine.

4.    Pursuant to the Agreement, Car N Shine agreed to provide "valet services" to Garden State Honda.

5.    At the time of the Accident, Edmonds was operating the Garden State Honda vehicle with the permission of Garden State Honda pursuant to the Agreement.

6.    The Claimant filed the Underlying Lawsuit seeking damages for the bodily injury he allegedly sustained as a result of the Accident.

7.      Garden State Honda filed a third party action against Car N Shine seeking indemnification and contribution based upon Car N Shine's alleged vicarious liability as the employer of Edmonds, the driver of the Garden State Honda vehicle allegedly involved in the Accident (included within "Underlying Lawsuit"), and the Claimant added Car N Shine as a defendant in the Underlying Lawsuit.

8.      Travelers is defending Edmonds and Car N Shine in the Underlying Lawsuit under the Travelers Policy.

9.      The Allied World Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury caused by an accident and resulting from the ownership, maintenance or use of a "covered 'auto'", defined as "any 'auto'".

10.     Who Is An Insured under the Allied World Policy includes the named insured (Garden State), "[a]nyone else while using with your permission a covered 'auto' you own …", and "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability."

11.     The Allied World Policy contains a primary "other insurance" clause that provides that coverage under the policy is primary as to any covered auto owned by Garden State Honda, the named insured.

12.     The Allied World Policy was in full effect on the date of the Accident.

13.     All terms and conditions of the Allied World Policy, including payment of premiums, have been complied with and met.

14.     The Accident and Underlying Lawsuit fall within the coverage afforded by the Allied World Policy.

15.    At the time of the Accident, Edmonds, an employee of Car N Shine, was using a covered auto owned by Garden State Honda with Garden State Honda's permission pursuant to the Agreement, and, as such, Edmonds qualifies as an insured under the Allied World Policy.

16.    Car N Shine's alleged liability in the Underlying Action is for the alleged conduct of its employee, Edmonds (an insured under the Allied World Policy) and, as such, Car N Shine also qualifies as an insured under the Allied World Policy.

17.    Pursuant to the Allied World Policy, Edmonds and Car N Shine are entitled to defense and indemnity from Allied World in connection with the Underlying Lawsuit.

18.    Allied World's obligation to defend and to indemnify Edmonds and Car N Shine under the Allied World Policy is primary to Travelers' obligation under the Travelers Policy.

19.    Accordingly, Travelers is entitled to a declaration that Allied World has a duty to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis and a duty to reimburse for past defense costs and expenses.

**AS AND FOR A SECOND COUNTERCLAIM**
**AGAINST ALLIED WORLD FOR BREACH OF CONTRACT**

20.    Travelers re-alleges each and every admission and denial set forth above as if set forth fully herein.

21.    The Allied World Policy was in full effect on the date of the Accident.

22.    The allegations of the Underlying Lawsuit fall within the coverage of the Allied World Policy.

23.    All terms and conditions of the Allied World Policy, including payment of premiums, have been complied with and met.

24.    Allied World has a primary obligation to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

25.     Allied World has breached its primary obligation to defend and to indemnify Edmonds and Car N Shine by refusing to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

26.     As a result of Allied World's breach of its primary obligation to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit, Travelers has been required to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

27.     Travelers has suffered and will continue to suffer on account of Allied World's refusal to fulfill its obligation under the Allied World Policy to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis.

28.     Allied World is liable for any and all damages by virtue of its breach of its primary obligation to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit, including past defense costs plus interest.

29.     Accordingly, Travelers is entitled to an award of all damages incurred by virtue of Allied World's breach of its obligation to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis.

## AS AND FOR A THIRD COUNTERCLAIM
## AGAINST ALLIED WORLD FOR RESTITUTION

30.     Travelers re-alleges each and every admission and denial set forth above as if set forth fully herein.

31.     Allied World is obligated to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis.

32.     Allied World has refused to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

33.     As a result of Allied World's refusal to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit, Travelers has been required to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

34.     Allied World has been unjustly enriched in an amount equal to amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

35.     Allied World is required to make restitution because Allied World will otherwise be unjustly enriched.

36.     Travelers is entitled to restitution in an amount equal to amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit by virtue of Allied World's unjust enrichment.

## AS AND FOR A FOURTH COUNTERCLAIM
## AGAINST ALLIED WORLD FOR EQUITABLE CONTRIBUTION

37.     Travelers re-alleges each and every admission and denial as if set forth fully herein.

38.     Allied World is obligated to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis.

39.     Allied World has refused to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

40.     As a result of Allied World's refusal to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit, Travelers has been required to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

41.     Travelers is entitled to equitable contribution from Allied World for amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

## AS AND FOR A FIFTH COUNTERCLAIM
## AGAINST ALLIED WORLD FOR INDEMNIFICATION

42.     Travelers re-alleges each and every admission and denial as if set forth fully herein.

43.     Allied World is obligated to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis.

44.     Allied World has refused to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

45.     As a result of Allied World's refusal to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit, Travelers has been required to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

38.     Travelers is entitled to indemnification from Allied World for amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Travelers respectfully requests that this Honorable Court grant judgment as appropriate in its favor, as follows:

a.     Declaring that Allied World has a duty to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis and a duty to reimburse for past defense costs;

b.     Awarding Travelers all damages incurred by virtue of Allied World's breach of its obligation to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit on a primary basis;

12

c.    Awarding Travelers as restitution an amount equal to amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit by virtue of Allied World's unjust enrichment;

d.    Awarding Travelers equitable contribution from Allied World for amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Lawsuit;

e.    Awarding Travelers indemnification from Allied World for amounts paid to defend and to indemnify Edmonds and Car N Shine in the Underlying Action;

f.    Dismissing all claims against Travelers, and awarding costs, disbursements and attorneys fees with respect to this action;

g.    Declaring Allied World is not entitled to the relief requested in the Complaint; and

h.    Granting such other and further relief as this Court may deem just, proper and equitable, including attorneys fees and costs.

Dated: Uniondale, New York
        June 26, 2020

*Michael Kotula*

Michael Kotula
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, NY  11556-0926
(516) 357-3000

Attorneys for Defendant
Travelers Casualty Insurance Company of America

13

TO:    Adam P. Stark, Esq.
          Fleischner Potash LLP
          Attorneys for Plaintiff
          Allied World Specialty Insurance Company
          1301 Highway 36
          Building 1, Suite 108
          Hazlet, New Jersey 07733